IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRODIE BROZAK, individually and on behalf of all those similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LATOYA HUGHES, in her official capacity as Director of the Illinois Department of Corrections, DAWN SCROGGINS and JENNICA SEFTON, in their individual capacities,<br><br>  Defendants. | No. 3:23-cv-3299 |

## CLASS ACTION COMPLAINT

Plaintiff Brodie Brozak, through counsel, individually and on behalf of all those similarly situated, complains against Defendants Latoya Hughes, Director of the Illinois Department of Corrections; Dawn Scroggins, former Supervisor of the Records Office at Graham Correctional Center; and Jennica Sefton, current Supervisor of the Records Office at Graham Correctional Center, as follows:

### Nature of the Case

1. This case arises under 42 U.S.C. §1983 and alleges violations of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution.

2. Plaintiff, individually and on behalf of other similarly situated, challenges the constitutionality of the Illinois Department of Corrections' policy regarding the calculation of the length of time individuals in Department custody are required to

serve on Mandatory Supervised Release ("MSR"). Specifically, Plaintiff alleges that Defendant Illinois Department of Corrections has an official policy whereby it has empowered the Supervisors of its Records Offices to unilaterally change the length of time an individual is required to serve on MSR if they believe the MSR term imposed by the sentencing court is wrong or inconsistent with law. This official policy results in Records Office Supervisors' changing sentences imposed by the courts in accordance with their own interpretation of Illinois law without providing the person in custody any notice or opportunity to be heard before his or her term of MSR is changed.

3. This policy and its application to Plaintiff and others similarly situated violates the constitution in at least three ways:

- It leads to their being held in Department custody beyond the time they were sentenced to serve in violation of the Eighth Amendment's cruel and unusual punishment clause;

- It violates procedural due process under the Fourteenth Amendment because the change in the individual's sentence is carried out unilaterally by the Records Office without providing the person any notice or opportunity to contest the change in their sentence; and

- It violates substantive due process under the Fourteenth Amendment because it deprives them of the benefit of the bargain when they have entered into a negotiated plea where one of the terms is a particular length of time to be served on Mandatory Supervised Release.

4. Plaintiff, individually and on behalf of all others similarly situated, seeks an injunction prohibiting Defendant Hughes from continuing the policy of unilaterally changing MSR terms imposed by a sentencing court.

5. Plaintiff Brodie Brozak also seeks compensatory damages against Defendants Dawn Scroggins and Jennica Sefton, the individuals personally responsible for unlawfully amending his MSR term and, after being given notice of the matter, for refusing to change it back to the sentence imposed by the sentencing court, which resulted in Plaintiff serving additional time in Department custody.

## Jurisdiction and Venue

6. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§1331 and 1343(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## The Parties

8. Defendant Latoya Hugues is sued in her official capacity as director of the Illinois Department of Corrections. In her capacity as the director of the IDOC, she has final authority to set the Department's policies regarding enforcement of court-ordered MSR terms and/or the amendment of such terms by Department officials.

9. Defendant Dawn Scroggins was the Supervisor of the Records Office at Graham Correctional Center for the time period of October 2015 until December 2021. She is sued in her individual capacity for violations of Plaintiff Brozak's constitutional rights.

10. Defendant Jennica Sefton is the Supervisor of the Records Office at Graham Correctional Center and has had that title from December 2021 to present. She is

sued in her individual capacity for violations of Plaintiff Brozak's constitutional rights.

11.   Plaintiff Brodie Brozak is a resident of Henry, Illinois. He is currently being held in the custody of the Illinois Department of Corrections on Mandatory Supervised Release beyond the time he was sentenced to serve due to the unlawful and unconstitutional actions of Defendants.

## Relevant Principles of Illinois Sentencing Law

12.   The Illinois constitution provides that "[t]he legislative, executive and judicial branches are separate [and] no branch shall exercise powers properly belonging to another." Ill. Const. Art. II, §1. The imposition of a sentence on a criminal defendant is a function "within the inherent power of the judiciary." *People v. Williams*, 66 Ill. 2d 179, 186 (1977).

13.   Under Illinois law, persons convicted of felonies and sentenced to serve time in the Illinois Department of Corrections (with the exception of those sentenced to natural life imprisonment), are given two separate sentences: (1) a term of imprisonment; and (2) a term of post-incarceration community supervision called "Mandatory Supervised Release." *People v. Artis*, 902 N.E.2d 677, 679 (Ill. 2009); 730 ILCS 5/3-3-3(c); *see also People v. O'Connell*, 2015 IL App (3d) 130739-U, ¶ 17 (Ill. App. 2015) (explaining that a criminal sentence under Illinois law "consists of two separate parts: a period of imprisonment, and a period of MSR.").

14.   The length of time an individual must serve on MSR is determined by statute. *See* 730 ILCS 5/5-8-1(d). As relevant to this case, the term of MSR for a

conviction for Criminal Sexual Assault committed on or after December 13, 2005, "shall range from a minimum of three years to a maximum of the natural life of the defendant." 730 ILCS 5/5-8-1(d)(4). During the time period relevant to this case, the term of MSR for a conviction for Criminal Sexual Abuse was two years. *People v. Denis*, 2018 IL App (1st) 151892, ¶ 92 (*citing* 730 ILCS 5/5-8-1(d)(2) (West 2014)).

15.  Under the law in effect during the time period relevant to this case, criminal court judges were required to set forth in their sentencing orders the amount of time the person being sentenced would be required to serve on MSR. 730 ILCS 5/5-8-1(d) (West 2015); Public Act 97-531 (effective January 1, 2012) (the MSR term "shall be written as part of the sentencing order and shall be as follows ..."). The Illinois Supreme Court has explained that this "requires that the court explicitly write the applicable MSR term into the order." *People v. McChriston*, 2014 IL 115310, ¶¶ 18-19.

16.  Absent the filing of a timely post-judgment motion, a sentencing court loses subject matter jurisdiction to reconsider and modify a sentencing order 30 days after entry of the judgment. *People v. Bailey*, 2014 IL 115459, ¶¶ 8, 14. Although the court may maintain power to perform "ministerial acts" related to the case, once it has been divested of subject matter jurisdiction, the court lacks power to modify the sentence it imposed on the defendant. *See People v. Lake,* 2020 IL App (1st) 170309, ¶¶ 15-16 (circuit court lacked jurisdiction to increase defendant's MSR term once 30 days had passed since defendant pleaded guilty and was sentenced).

17. Thus, if an MSR period imposed by a sentencing judge is determined to be contrary to law (*e.g.*, does not conform to the statutory requirements) after the expiration of the 30-day period, the sentencing court lacks jurisdiction to modify the judgment. Where courts have attempted to enter orders modifying an MSR term outside of the 30-day period following entry of judgment, the Illinois Supreme Court has held that the modified sentencing order is void and must be vacated, and the original sentence must be reinstated. *See People v. Abdullah*, 2019 IL 123492, ¶¶ 32-35 (holding that because defendant's sentence was increased after the circuit court lost jurisdiction to modify the sentence, that order must be vacated and the original sentence reinstated).

18. The Illinois Supreme Court has instructed that after the 30-day timeframe has elapsed, the only proper means by which the state may challenge a sentence it believes does not conform to statute is via a writ of mandamus to the Illinois Supreme Court. *People v. Castleberry*, 2015 IL 116916, ¶¶ 26-27. Thus, if the state believes that an MSR term imposed by a judge was improper and seeks to change it, it must seek mandamus relief. *Id*. Otherwise, the original sentence stands.

**Relevant Facts Pertinent to Mr. Brozak**

19. In 2015, Mr. Brozak was charged in the Circuit Court of the 10th Illinois Judicial Circuit, Marshall County, Illinois, with five counts of Criminal Sexual Assault and five counts of Criminal Sexual Abuse. The case number was 15-CF-27.

20. On the State's motion, the charges of Criminal Sexual Assault were dismissed. After negotiating a plea with the state, Mr. Brozak pleaded guilty to

Criminal Sexual Abuse on February 24, 2016. The court accepted the terms of the negotiated plea and sentenced Mr. Brozak to 450 days of incarceration (which he had already served in pre-trial detention in the Marshall County Jail) and 48 months of probation. This disposition is reflected in the charging documents, the plea and a sentencing Order signed by Judge Michael P. McCusky on February 24, 2016. *See* Exhibit 1, 15-CF-27 charging documents, plea and sentencing order.

21.   While Mr. Brozak was on probation, he was alleged to have had contact with the victim of his original offense in violation of the terms of his probation. The state filed a petition to revoke his probation. *See* Exhibit 2, Petition to Revoke Probation.

22.   In addition to seeking to revoke his probation, the state charged Mr. Brozak with Criminal Sexual Abuse and violation of an order of protection in case number 17-CF-29. These charges arose from the same conduct that led to the petition to revoke probation.

23.   After negotiating with the state, Mr. Brozak agreed to plead guilty to Criminal Sexual Abuse and violation of an order of protection in exchange for a sentence of five years in the Illinois Department of Corrections followed by two years of MSR. Judge Stephen A. Kouri accepted the terms of the negotiated plea and entered sentencing orders in 15-CF-27 and 17-CF-29. Judge Kouri sentenced Mr. Brozak to serve five years in the IDOC and two years on MSR, to run concurrently in both cases. *See* Exhibit 3, Order and Dispositions in 17-CF-29; Exhibit 4, Transcript of January 17, 2018, Sentencing Hearing; Exhibit 5, January

17, 2018, Judgment in 15-CF-27; Exhibit 6, January 17, 2018, Judgment in 17-CF-29.

24. The judgment entered in 15-CF-27 contains a scriveners' error. In particular, it erroneously reflects that Mr. Brozak was also convicted of Criminal Sexual Assault in the original 2015 case. *See* Exhibit 5, January 17, 2018, Judgment in 15-CF-27. However, Mr. Brozak was not convicted of Criminal Sexual Assault in 2015, which is clear from the relevant documents in the 2015 case, including the plea, the dispositions reflected on the court docket, and the transcript of the sentencing hearing. The charges of Criminal Sexual Assault were dismissed on the State's motion more than two years prior to entry of the sentencing orders. *See* Exhibits 1-6.

25. After entry of judgment by the sentencing court in both 15-CF-27 and 17-CF-29, Mr. Brozak was remanded to the custody of the Illinois Department of Corrections to serve his sentence of incarceration and MSR. He served his term of incarceration in Graham Correctional Center.

26. Shortly before Mr. Brozak's release from prison on October 14, 2021, he received a sentencing calculation sheet from the records office at Graham Correctional Center reflecting that his MSR term had been changed from two years, which was the amount of time reflected in his plea agreement and the court's sentencing order, to "three-years-to-natural life." On information and belief, the MSR term was changed by or at the direction of Dawn Scroggins, who was the

Records Office Supervisor for Graham Correctional Center at the time of Mr. Brozak's release from prison onto MSR in October 2021.

27. As Mr. Brozak approached the completion of his two-year MSR term, Mr. Brozak and his counsel sought to correct the error made by Ms. Scroggins by speaking with Jennica Sefton, the current Records Office Supervisor for Graham Correctional Center.

28. Mr. Brozak and his counsel attempted to provide to Ms. Sefton the relevant documents from Mr. Brozak's criminal case that demonstrated that he was not sentenced to three-years-to-natural-life on MSR. Ms. Sefton refused to look at these documents. She stated that she was "correct" that Mr. Brozak has three years to life on MSR and asserted that the Department would not reconsider its decision to change Mr. Brozak's MSR term from two years to three years to life.

29. The General Counsel of the Illinois Department of Corrections, Robert Fanning, confirmed in writing that the Department unilaterally changed Mr. Brozak's MSR term from two years to three years to life based on its own interpretation of Illinois law rather than an amended sentencing order entered by any court. In particular, the Department believes that the sentencing court should have imposed a three-to-life MSR term on Mr. Brozak based on the order entered in 15-CF-27, which erroneously reflects that Mr. Brozak was convicted of Criminal Sexual Assault. *See* Exhibit 7 (October 2023 correspondence with Robert Fanning confirming that the IDOC decided to impose the three-to-life term on Mr. Brozak

based on its interpretation of relevant Illinois law without authorization from any court).

30. This correspondence confirms that it is the Department's policy to empower its Records Offices to override sentencing orders entered by judges if it believes they are wrong.

31. In this case, the Department's interpretation of what sentence Mr. Brozak should have received is wrong. However, even if it were right, the Department lacks legal authority to change the MSR term imposed by a sentencing court.

32. Mr. Brozak should have been discharged from Department custody on or about October 14, 2023, upon completion of his two-year MSR term. Instead, he remains unlawfully subject to Department custody beyond the time he was sentenced to serve.

33. Because he remains on MSR, Mr. Brozak is subject to substantial deprivations of his liberty, including but not limited to the following:

- A requirement to wear a GPS ankle monitor (730 ILCS 5/3-3-7 (a)(7.7); (17));

- Mandatory attendance at sex offender therapy for which he must pay a weekly fee (730 ILCS 5/3-3-7 (a)(7.5));

- Polygraph examinations for which he must pay a fee (730 ILCS 5/3-3-7 (b-1)(16));

- Restrictions on using the Internet (730 ILCS 5/3-3-7 (b)(7.6)–(7.9); (7.11), (7.12));

- Restrictions on accepting employment, enrolling in school, or changing his residence without the prior approval of a parole agent (730 ILCS 5/3-3-7 (a)(9); (b-1)(4));

- Searches of his person, property, and residence (730 ILCS 5/3-3-7 (a)(10));

- A prohibition on visiting any private residence without approval of his parole agent (730 ILCS 5/3-3-7(b-1)(7)); and

- A prohibition on leaving the state without advance permission (730 ILCS 5/3-3-7 (a)(9)).

**Class Allegations**

34. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for purposes of equitable relief on behalf of a class defined as follows.

- All individuals currently or in the future in the custody of the Illinois Department of Corrections whose sentences include a term of MSR imposed by an Illinois court.

35. The class seeks a declaration that the Department's policy of empowering Records Office supervisors to change the amount of time an individual must serve on MSR in contradiction of an order entered by a sentencing judge is unconstitutional and an injunction prohibiting continued enforcement of the policy.

36. The proposed class is numerous. It includes not only the 20,000-plus persons currently in IDOC custody on felony sentences, but also as yet unknown future members of the proposed class—*i.e.*, persons who in the future will be in IDOC custody on MSR and subject to the unlawful policy. This is so notwithstanding the fact that not all members of the proposed class will be injured by the unconstitutional policy (*i.e.*, the Department does not change every person's MSR term). *See Kohen v. Pac. Inv. Mgmt. Co. LLC,* 571 F.3d 672, 677 (7th Cir. 2009) (holding that it is "almost inevitable" that a class will "include persons who have not

11

been injured by the defendant's conduct," and "[s]uch a possibility or indeed inevitability does not preclude class certification.")

37. There are questions of law and fact common to all class members, including but not limited to the following:

- What is the Department's policy regarding amendment of MSR terms imposed by a sentencing court?

- Does the Department have legal authority to change the amount of time an individual must serve on MSR without authorization from a sentencing court?

- Whether the Department's policy violates the Eighth Amendment and/or Fourteenth Amendment.

38. All individuals falling within the class definition are subject to the same policy. Given the commonality of the questions pertinent to all class members, a single injunction would provide relief to each member of the class.

39. Defendant Hughes has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

40. The named Plaintiff will fairly and adequately represent the interests of the class; and the named Plaintiff's claim is typical of the claims of all members of the proposed class.

41. Plaintiff's counsel has extensive experience and has devoted substantial professional and financial resources to representing individuals on MSR in Illinois, including numerous class action cases on behalf of persons on MSR. *See, e.g.*, *Montoya v. Jeffreys*, 18-cv-1991 (N.D. Ill.) (challenge to MSR policies imposed by the

Department); *Tucker v. Jeffreys*, 18-cv-3154 (N.D. Ill.) (same); *Barnes v. Jeffreys*, 21-cv-2137 (N.D. Ill.) (same). Plaintiff's counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. §1983 – EIGHTH AMENDMENT

42. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

43. Failure to release a person from custody after the completion of his sentence violates the Eighth Amendment where, as here, the Defendants have acted with deliberate indifference to the rights of the individual. *Campbell v. Peters*, 256 F.3d 695 (7th Cir. 2001).

44. The Department's policy of unilaterally altering the MSR terms imposed by sentencing courts without authorization from a sentencing judge violates the Eighth Amendment as applied to Plaintiff and the members of the proposed class because it leads to their being held in custody beyond the time they were sentenced to serve.

## COUNT II
## 42 U.S.C. §1983 – PROCEDURAL DUE PROCESS

45. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

46. It is well established that due process requires that a defendant in a criminal case must be "given adequate notice" of a sentencing hearing, an opportunity to be heard, and an "opportunity to contest the facts relied upon to

13

support the imposed criminal penalty." *United States v. Freeman*, 815 F.3d 347, 355 (7th Cir. 2016).

47. The Department's policy of unilaterally altering individuals' MSR sentences without notice, a hearing, or the opportunity for an individual to contest the Department's determination of what the MSR sentence should be violates procedural due process under the Fourteenth Amendment.

## COUNT III
## 42 U.S.C. §1983 – SUBSTANTIVE DUE PROCESS

48. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

49. It is well established that contract principles apply to negotiated pleas. Where, as here, an individual is induced to enter a guilty plea, thereby giving up the right to a trial and other constitutional protections, a subsequent change to the terms of the negotiated plea violates the right to substantive due process under the Fourteenth Amendment. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.")

50. The Department's policy of overriding sentencing orders entered by criminal court judges based on negotiated plea agreements deprives Plaintiff and others similarly situated of substantive due process.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) certify that this case may be maintained as a class action under Fed. R. Civ. P. 23(b)(2) against Defendant Hughes;

(b) grant an injunction providing two forms of relief against Defendant Hughes: (1) prohibiting the Department of Corrections from continuing its unlawful practice of unilaterally changing MSR terms imposed by sentencing courts; and (2) for all persons whose MSR terms were changed pursuant to the challenged policy, restoring their MSR terms to the sentences imposed by the sentencing court;

(c) issue a declaratory judgment that the Department of Corrections' policy of unilaterally changing MSR terms imposed by sentencing courts is unconstitutional both on its face and as applied to Plaintiff and those similarly situated;

(d) award Plaintiff Brodie Brozak compensatory damages against Defendants Dawn Scroggins and Jennica Sefton for violations of his constitutional rights;

(e) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(f) grant Plaintiff and the members of the class any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net