**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT**

**MARSHALL COUNTY, ILLINOIS**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) Case Nos. 15-CF-27 |
| vs. | ) 17-CF-29 ) |
| BRODIE J. BROZAK, | ) ) |
| Defendant. | ) |

### NEGOTIATED PLEA OF GUILTY & SENTENCING

The following is the **Report of Proceedings** of the hearing had before **HONORABLE JUDGE STEPHEN A. KOURI** commencing on January 17th, 2018.

APPEARANCES:

   MR. JAMES D. OWENS,
      Assistant State's Attorney of Marshall County,
      for the People of the State of Illinois;

   MR. PATRICK J. MURPHY,
      Public Defender of Marshall County,
      for the Defendant.

**Reported By:**

Samantha B. Brown, CSR, RPR
License No. 084.004758
Official Court Reporter
Tenth Judicial Circuit

1        THE COURT:  This is 15-CF-27, 17-CF-29, *People of*
2   *the State of Illinois vs. Brodie Brozak*.  Mr. Brozak is
3   here with his attorney, Mr. Murphy.  Mr. Owens is here
4   for the State.
5            What's our status?
6        MR. MURPHY:  Judge, the Parties have reached a
7   fully negotiated plea wherein the defendant has
8   executed a written plea of guilty to the petition to
9   revoke filed in 15-CF-27.
10           In turn for that plea, he would be found
11  guilty on a petition to revoke.  He would be
12  resentenced on the original charges which include five
13  Class One felonies and five Class Two felonies.  He has
14  previously paid all fines, costs and restitution in the
15  amount of $6,395.67.  There would be no additional
16  fines, costs or restitution.
17           He would be sentenced to five years in the
18  Illinois Department of Corrections.  That would be a
19  truth-in-sentencing.  That sentence would run
20  concurrent with 17-CF-29.
21           In that case, the defendant has also executed
22  a written plea of guilty to the Class Two felony of
23  aggravated criminal sexual abuse and the Class A
24  misdemeanor of violating an order of protection.

1        He would be -- there would be no fine.  There
2    would be $734 in court costs.  There would be $300 in
3    public defender fees.  There would be no restitution.
4        The defendant would be sentenced to five years
5    in the Illinois Department of Corrections,
6    truth-in-sentencing.  That sentence would run
7    concurrent with 15-CF-27.
8        THE COURT:  And when you say truth-in-sentencing,
9    is it 85 percent?
10       MR. MURPHY:  85 percent, your Honor.  Yes.
11       THE COURT:  Okay.  Anything to add, Mr. Owens?
12       MR. OWENS:  No.  Thank you.  That's my
13   understanding as presented by Mr. Murphy, your Honor.
14       THE COURT:  Mr. Brozak, am I pronouncing that
15   right?
16       THE DEFENDANT:  Yes, your Honor.
17       THE COURT:  Is that your agreement?
18       THE DEFENDANT:  Yes, your Honor.
19       THE COURT:  How old are you?
20       THE DEFENDANT:  23.
21       THE COURT:  And your date of birth?
22       THE DEFENDANT:  April 13th, 1994.
23       THE COURT:  Are you an American citizen?
24       THE DEFENDANT:  Yes.

1        THE COURT: Can you read and write the English
2    language?
3        THE DEFENDANT: Yes.
4        THE COURT: How many years of education do you
5    have?
6        THE DEFENDANT: I have completed high school, and I
7    have two trades.
8        THE COURT: Are you on any drugs or alcohol as you
9    sit here today that affect your ability to understand
10   what's happening?
11       THE DEFENDANT: Well, I took my prescription Xanax
12   last night, but I do feel I understand what's going on
13   today.
14       THE COURT: Have you talked this over with your
15   attorney?
16       THE DEFENDANT: Yes, your Honor.
17       THE COURT: Are you satisfied with his services?
18       THE DEFENDANT: Yes, your Honor.
19       THE COURT: I want to go over with you in some
20   detail what's pending, possible penalties, what your
21   rights are.
22           In 15-CF-27, the State has filed a petition to
23   revoke your probation -- is that what it was? It was
24   a PTR?

1          MR. MURPHY:  On the 15-CF-27, yes, your Honor.
2          THE COURT:  Oh, there it is.  Filed July 18th,
3    2017, the State alleges that you violated the terms of
4    your probation in that you committed a subsequent
5    offense charged in 17-CF-29.  Is this what you're
6    admitting?
7          THE DEFENDANT:  Yes, your Honor.
8          THE COURT:  If we had a hearing on the petition to
9    revoke your probation and the State were able to prove
10   the allegations, the State would have a right to ask
11   the Court to resentence you under the original charge,
12   which was --
13         MR. MURPHY:  Judge, I actually misspoke.  The
14   original charge included Class One and Class Two
15   felonies.  The Class Ones were dismissed, and he
16   pleaded guilty to five counts of the Class Two
17   felonies, aggravated criminal sexual abuse, greater
18   than five years of age older than victim.
19         THE COURT:  Which are Class Two felonies.  So, with
20   the sentence ranges, is he extendible under that?
21         MR. MURPHY:  He would not be extendible on
22   15-CF-27.  He would be extendible on 17-CF-29.
23         THE COURT:  So, on the 15-CF-27 case, if you were
24   found in violation of your probation, the State would

5

1  have the right to ask the Court to resentence you under
2  the original charges that you pled guilty to which
3  carry with it a sentence range, each count, of three to
4  seven years in the state penitentiary, up to $25,000 of
5  fines, up to four years probation, in which you could
6  receive another round of probation.  Any DOC sentence
7  carries with it an additional period of two years
8  mandatory supervised release.
9           Do you understand the possible penalties that
10 you're facing in 15-CF-27?
11      THE DEFENDANT:  Yes, your Honor.
12      THE COURT:  In 17-CF-29, you're charged with two
13 counts.  Count One is a Class Two Felony, aggravated
14 criminal sexual abuse.
15           It is alleged that on or about June 3rd, 2017,
16 you committed an act of sexual conduct with the victim,
17 CBS, who was at least 13 years of age but under 17
18 years of age, in that you placed your penis in the anus
19 of CBS, and that you were at least five years older
20 than CBS.
21           Is this what you're admitting?
22      THE DEFENDANT:  Yes, your Honor.
23      THE COURT:  If you were convicted of that offense,
24 a Class Two felony, you could receive a sentencing

1    range of three to 14 years in the state penitentiary,
2    up to $25,000 of fines, up to four years probation.
3    Any Department of Corrections sentence carries with it
4    an additional period of two years mandatory supervised
5    release.
6          Do you understand the possible penalties under
7    Count One?
8       THE DEFENDANT:  Yes, your Honor.
9       THE COURT:  Count Two is a Class A misdemeanor,
10   violation of an order of protection.
11          It is alleged that on or about June 3rd, 2017,
12   you, having been served with a notice of the contents
13   of order of protection number 15-OP-33 issued on August
14   3rd, 2015 by the Circuit Court of Marshall County, did
15   knowingly commit an act which was prohibited by the
16   order of protection in that you had contact with the
17   protected party, CBS.
18          Is that what you're admitting?
19      THE DEFENDANT:  Yes, your Honor.
20      THE COURT:  If you were convicted of that offense,
21   it is a Class A misdemeanor.  You could receive a
22   sentence range of up to one year in the county jail, up
23   to two years probation, up to $2,500 in fines.
24          Do you understand the possible penalties?

7

1        THE DEFENDANT: Yes, your Honor.
2        THE COURT: You have certain rights. Even as you
3    sit here today, you have the right -- and I'm going to
4    give you your rights under 17-CF-29.
5            You have the right to stand on your plea of
6    not guilty, in which event you would have the right to
7    have a trial. That trial can be in front of a judge or
8    in front of a jury. You select what type of trial to
9    have, not the State.
10           The State has the burden of proving you
11   guilty. It must prove the allegations beyond a
12   reasonable doubt.
13           You have the right to have an attorney with
14   you at all times. As long as you cannot afford one,
15   one would continue to be provided to you.
16           You have the right to cross-examine any
17   witness called against you. You have the right to call
18   or subpoena your own witnesses. You have the right to
19   testify, in other words, tell your side of the story.
20   You're not required to testify, and if you choose not
21   to do so, that will not be used against you in any way.
22           Your rights in 15-CF-27 are identical with the
23   exception of two matters:
24           One, the State does have the burden of proof,

1  but that burden of proof is by a preponderance of the
2  evidence.  In other words, they have to prove the
3  allegations in the petition to revoke by a
4  preponderance of the evidence.  And secondly, the
5  hearing is not in front of a jury.  It is in front of a
6  judge.
7       Do you understand your rights in both cases?
8     THE DEFENDANT:  Yes, your Honor.
9     THE COURT:  All right.  Can the State provide a
10 factual basis?
11    MR. OWENS:  Your Honor, the People would call
12 Officer Danhof of the Henry Police Department who would
13 testify that during the period of June 3rd of 2017 he
14 conducted an investigation regarding allegations of
15 aggravated criminal sexual abuse and violation of an
16 order of protection involving the defendant, whom he
17 would identify as Brodie J. Brozak.
18       Officer Danhof would testify that the date of
19 birth of Brodie J. Brozak was April 13th of 1994, and
20 at the time of these offenses, June 3rd of 2017, the
21 defendant was 22 years of age.  Officer Danhof would
22 testify that the defendant lived at 514 School Street
23 in Henry, Marshall County, Illinois.
24       The People would call the minor whose initials

1  are CBS.  CBS would testify that during the period of
2  June 3rd, 2017 she was between the age of 13 and 17.
3  CBS would identify the defendant as Brodie J. Brozak,
4  an individual that she has known for years, literally.
5         CBS would testify that during that period she
6  went to the residential property of the defendant, and
7  in an outbuilding in the residence of the defendant
8  engaged in multiple sexual acts including acts of the
9  defendant inserting his penis into her anus.
10        The People would ask the Court to take
11 judicial notice of Marshall County Case Number
12 2015-OP-33, an order of protection that was in effect
13 during the period of June 3rd, 2017, and note that the
14 petitioner in that order of protection includes the
15 protected person of CBS, and that the respondent in
16 that case is the defendant, Brodie J. Brozak.
17     THE COURT:  Mr. Murphy, is that consistent with
18 your discovery?
19     MR. MURPHY:  Judge, the only correction being the
20 minor is a male instead of female.  Outside of that, it
21 is consistent with discovery.
22     THE COURT:  The Court -- do you agree with that
23 correction, Mr. Owens?
24     MR. OWENS:  Yes, your Honor.

1     THE COURT:  The Court finds that there is a factual
2 basis.  Mr. Brozak, did anybody make any threats or
3 promises to you to force you into pleading guilty?
4     THE DEFENDANT:  No, your Honor.
5     THE COURT:  Is it still your desire to plead
6 guilty?
7     THE DEFENDANT:  Yes, your Honor.
8     THE COURT:  I find that the plea is given
9 voluntarily and knowingly.  The plea is accepted and
10 entered of record.
11      Mr. Murphy, do you waive presenting evidence
12 in mitigation and a presentence investigation?
13     MR. MURPHY:  We do, your Honor.
14     THE COURT:  Defendant's criminal history other than
15 these two matters?
16     MR. OWENS:  Judge, it is primarily the two cases
17 before the Court this morning, 15-CF-27 as well as the
18 matter Mr. Brozak is being sentenced to this morning.
19     THE COURT:  The Court accepts and approves the plea
20 agreement on the plea of guilty in 15-CF-27.  The
21 defendant is found in violation of his probation.
22 Probation is revoked.
23      He will be resentenced to five years in the
24 Illinois Department of Corrections.  It will be served

1   at a minimum of 85 percent.  Two years of mandatory
2   supervised release will also be imposed.
3           On the plea of guilty in 17-CF-29, the
4   defendant stands convicted of the Class Two felony,
5   aggravated criminal sexual abuse, and the Class A
6   misdemeanor, violation of order of protection.
7           He will be sentenced to five years in the
8   Illinois Department of Corrections.  85 percent minimum
9   will apply.  Two years of mandatory supervised release.
10  Fines, fees and costs as outlined in the court order
11  will also be assessed.
12          Those two sentences and two cases, five years
13  DOC, two years mandatory supervised release, will run
14  concurrently; is that correct?
15      MR. MURPHY:  Correct, your Honor.
16      THE COURT:  Is that your agreement?
17      THE DEFENDANT:  Yes.
18      THE COURT:  Besides the fact that you voluntarily
19  pled guilty, you have the right to appeal.  You have to
20  exercise that right within 30 days.  You do so by
21  filing a motion to withdraw the guilty plea, listing
22  all of the reasons why the Court should allow you to
23  withdraw the plea.
24          If that motion is allowed, the cases will be

```
 1   reinstated and set for a hearing or trial.  If the case
 2   -- if the motion is denied, you have 30 days from that
 3   date to file a notice of appeal.
 4            If you need any help with any of that and
 5   cannot afford an attorney, one will be provided to you,
 6   as well as a transcript of all proceedings.
 7            Do you have any questions about anything
 8   that's transpired here?
 9        THE DEFENDANT:  No, your Honor.
10        THE COURT:  Okay.
11        MR. OWENS:  Judge, may I address the Court, please?
12        THE COURT:  Yes.
13        MR. OWENS:  Judge, the defendant has previously
14   provided a DNA sample in 15-CF-27.
15        THE COURT: All right.  Very good.  And you're
16   going to submit some final orders?
17        MR.  OWENS:  Yes, your Honor.
18        THE COURT:  Okay.
19                 (End of proceedings.)
20
21
22
23
24
```

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT

MARSHALL COUNTY, ILLINOIS

**CERTIFICATE OF REPORTER**

I, Samantha Brown, CSR, RPR, an Official Court Reporter for the Circuit Court of Marshall County, Tenth Judicial Circuit of Illinois, reported in machine shorthand the proceedings had on the hearing in the above-entitled cause and transcribed the Report of Proceedings by Computer Aided Transcription, which I hereby certify to be a true and accurate transcript of the proceedings had before Honorable Circuit Judge Stephen A. Kouri.

*Samantha B. Brown*
Official Court Reporter

Dated this 8th day
of March, 2022