

Adele Nicholas <a̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>

## Records Office Imposing Incorrect Sentence

**Fanning, Robert L.** <R̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>   Wed, Oct 4, 2023 at 10:16 AM
To: Adele Nicholas <̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
Cc: "Newman, Sarah" <̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>

I have confirmed that it is the Rhinehart decision dictating the MSR term.

> **From:** Adele Nicholas <a̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
> **Sent:** Wednesday, October 4, 2023 9:16 AM
> **To:** Fanning, Robert L. <R̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
> **Cc:** Newman, Sarah <S̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
> **Subject:** Re: [External] Records Office Imposing Incorrect Sentence
>
> Thank you.
>
> On Wed, Oct 4, 2023 at 8:59 AM Fanning, Robert L. <R̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵> wrote:
>
>> I will check but it is likely the Rhinehart decision dictating the 3years to life.
>>
>> **From:** Adele Nicholas <a̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
>> **Sent:** Tuesday, October 3, 2023 10:13 AM
>> **To:** Fanning, Robert L. <R̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
>> **Cc:** Newman, Sarah <Sa̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵̵>
>> **Subject:** Re: [External] Records Office Imposing Incorrect Sentence
>>
>> Mr. Fanning,
>>
>> I appreciate your sharing this document. On the face of the document, it states that Mr. Brozak has two years of MSR. Did the Department obtain a court order stating that Mr. Brozak has three years to life of MSR? Or is the Department assuming that three years to life was the required term under People v. Rinehart, and therefore changing it within the IDOC's records to three to life? If there is an amended court order reflecting a term of three to life on MSR, can you share it with me?
>>
>> Thank you,
>>
>> Adele

On Fri, Sep 29, 2023 at 10:58 AM Adele Nicholas <a█████████████████> wrote:

> Thank you for sharing this documentation with me. I will review with my client.
>
> On Fri, Sep 29, 2023 at 8:51 AM Fanning, Robert L. <R█████████████████> wrote:
>
>> Adele –
>>
>> The Department received the attached sentencing orders when your client was admitted to IDOC. The sentencing order indicates your client was sentenced to confinement in the IDOC for Criminal Sexual Assault. If this was a mistaken sentencing order, then I believe you need to go back to the Court and get it corrected. But, this is the order that we have for your client.
>>
>> Bob
>>
>> ---
>>
>> **From:** Adele Nicholas <ad█████████████████>
>> **Sent:** Thursday, September 28, 2023 1:22 PM
>> **To:** Fanning, Robert L. <Ro█████████████████>
>> **Cc:** Newman, Sarah <S█████████████████>
>> **Subject:** [External] Records Office Imposing Incorrect Sentence
>>
>> Dear Mr. Fanning,
>>
>> I'm an attorney in Chicago who is representing Mr. Brody Brozak (DOC Number Y27148) pro bono in efforts to resolve Graham Correctional Center's imposition of an incorrect MSR term on him. I would like to resolve the matter without litigation if possible and am hopeful that you can assist with this matter.
>>
>> **Relevant Facts**
>>
>> In the Marshall County case 15-CF-27, Mr. Brozak was charged with Criminal Sexual Assault and Criminal Sexual Abuse. The charges of criminal sexual assault were dismissed on the state's motion, and Mr. Brozak pleaded guilty to criminal sexual abuse. (See attached Dispositions from 15-CF-27; and Feb. 24, 2016 charging documents, plea and sentencing order).
>>
>> While Mr. Brozak was on probation, he was charged in the case 17-CF-29 with Criminal Sexual Abuse and Violation of an Order of Protection for having contact with the same victim. His probation was revoked and he was sentenced to serve five years in the IDOC. (See attached Petition to Revoke Probation from 15-CF-27 and Revocation Order). He also pleaded guilty to criminal sexual abuse in 17-CF-29. (See attached 1-17-18

order and dispositions). This term was to run concurrent with the sentence in 15-CF-27 (see 1-17-18 sentencing order).

In neither case was Mr. Brozak convicted of criminal sexual assault. Those charges were dismissed on the state's motion.

I received the attached documents from the Marshall County State's Attorney Patrick J. Murphy (Patrick J Murphy, Marshall County State's Attorney, 122 N. Prairie Street, Lacon, IL 61540, Tel: (309) 246-2028). Mr. Murphy concurs that Mr. Brozak has not been convicted of Criminal Sexual Assault.

As you know, a conviction for Criminal Sexual Abuse requires the imposition of a two-year term of Mandatory Supervised Release, while a conviction for Criminal Sexual Assault requires the imposition of an indeterminate tern of MSR of "three years to natural life." See 730 ILCS 5/5-8-1. While the sentencing orders are silent as to the length of Mr. Brozak's MSR, the correct term is dictated by the sentencing statute.

The records office at Graham Correctional Center insists, without lawful basis, that Mr. Brozak was convicted of criminal sexual assault and is imposing a three-to-life term of MSR upon him. (See IDOC Inmate Search attached.) They are incorrect with regard to both Mr. Brozak's conviction and the length of time he is required to be on MSR.

I have attempted to provide the attached information directly to the Records Office at Graham Correctional Center, but an individual named "Jen" (who refused to provide her last name but stated she was the records office supervisor) would not accept these documents, nor would she tell me how to provide them to someone who could conduct the necessary review.

I am requesting that the IDOC correct Mr. Brozak's MSR term and its records to reflect the conviction and sentence he actually received.

Thank you for your assistance. I look forward to your prompt response.

I've copied Sarah Newman from the AG's office simply because I am representing clients in civil litigation against IDOC. Although this correspondence is unrelated to pending litigation, I did not want to communicate with you directly without letting her know.

Thank you,

Adele Nicholas