UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRODIE BROZAK AND ANDRES JOYCE-DILBART, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 3:23-cv-03299-MMM-RLH ) ) |
| LATOYA HUGHES, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiffs' First Amended Complaint (Doc. 32) seeks to allege, on behalf of themselves and a similarly situated class, that Illinois Department of Corrections (IDOC) Director Latoya Hughes, former supervisor of the records office at Graham Correctional Center Dawn Scroggins, current supervisor of the records office at Graham Correctional Center Jennica Sefton, and John Doe records office supervisor, violated their constitutional rights under the Eighth and Fourteenth amendments via an IDOC policy governing calculation of Mandatory Supervised Release (MSR). Plaintiffs have also filed a Motion for Preliminary Injunction (Doc. 30).

Defendants filed a combined Motion to Dismiss and Response to Motion for Preliminary Injunction (Doc. 34), Plaintiff filed a Response (Doc. 38), with leave of Court Defendant filed a Reply (Doc. 40), with leave of Court Plaintiff filed a Surreply (Doc. 45), and with leave of Court Plaintiff filed supplemental authority (Doc. 44).

The motion to dismiss and motion for preliminary injunction are fully briefed and ready for ruling.

**Relevant Illinois law and IDOC policies.** In Illinois, individuals convicted of felonies and sentenced to IDOC are sentenced to 1) a term in prison, and 2) a term of Mandatory Supervised Release. Illinois statute specifies the length of time an individual mut serve on MSR. 730 ILCS 5/5-8-1(d). Under Illinois statute in effect for a period prior to 2012, every sentence included the statutory period of MSR, whether that term was written into the sentence or not. *See People v. McChriston*, 2014 IL 115310, ¶¶ 17-18. Illinois amended this statute in 2011 and directed Illinois judges to set forth in their sentencing orders the period of MSR. *See People v. McChriston*, 2014 IL 115310, ¶¶ 18-19.

Even under the current amended statute, though, if a judge does not include the statutory MSR period in the sentencing order, "the MSR term is included in the sentence as a matter of law and … the failure to include the term in the written sentencing order does not on its own invalidate the sentence or any part of it." *People v. Lamb*, 2017 IL 122271, ¶¶16-17, 28.

IDOC has a written policy empowering its staff to change an individual's MSR term without seeking mandamus relief or an amended sentencing order from the trial court. Under this policy IDOC records office supervisors conduct their own independent review of sentencing orders and override the MSR term imposed by the sentencing judge if in their own judgment the MSR on the sentencing order is inconsistent with the statutory mandatory minimum.

Individuals on Mandatory Supervised Release are subject to deprivations of liberty including restrictions related to employment, education, search-and-seizure rights, and for sex offenders GPS monitoring, mandatory sex offender therapy at expense to the offender, polygraph examinations at expense to the offender, and restrictions on internet use. Violation of these conditions can result in revocation of MSR.

**Facts specific to Plaintiff Brozak.** In 2015, Brozak was charged in Marshall County, Illinois, with five counts of criminal sexual assault and five counts of criminal sexual abuse, in case number 15-CF-27. The criminal sexual assault charges were dismissed on the State's motion, and Brozak pleaded guilty to criminal sexual abuse on February 24, 2016. The trial court accepted the terms of the parties' negotiated plea and sentenced Brozak to 450 days of incarceration and 48 months of probation. Brozak was released onto probation.

The State later moved to revoke Brozak's probation, alleging he had contact with the victim of his original offense, in violation of the probation terms. The State also charged Brozak with criminal sexual abuse and violation of an order of protection, in 17-CF-29, arising from the same conduct that led to the petition to revoke. Brozak agreed to plead guilty to criminal sexual abuse and violation of an order of protection under a negotiated plea, in exchange for a five-year sentence in the IDOC followed by two years of MSR. The state court judge accepted the terms of the negotiated plea and entered sentencing orders in both 15-CF-27 and 17-CF-29, sentencing Brozak to five years in IDOC and two years on MSR, running concurrently in both cases. The

judgement in 15-CF-27 erroneously indicates Brozak was convicted of criminal sexual <u>assault</u> in the original 2015 proceedings, rather than <u>abuse</u>. The error is clear from the plea, dispositions on the docket, and transcript of the sentencing.

Illinois law prescribes a three years to life term of MSR for persons convicted of criminal sexual <u>assault</u> committed on or after December 13, 2005. During the time relevant to Brozak's case, Illinois law prescribed a two-year term of MSR for persons convicted of criminal sexual <u>abuse</u>.

Brozak served his term of incarceration at Graham Correctional Center. Shortly before release from prison and onto MSR on October 14, 2021, he received a sentence calculation sheet from the Graham records office. That sheet indicated his MSR term had been changed from two years, to three years to natural life. The MSR term was changed by Defendant Scroggins, the Graham records office supervisor at the time. As Plaintiff neared the end of completion of two years MSR as ordered by the sentencing court, Brozak sought to correct Scroggins' error by speaking with Defendant Sefton, the new records office supervisor at Graham. Plaintiff and his counsel attempted to provide the relevant documents from the criminal case to Sefton to show that the correct MSR term was two years. Sefton refused to look at the documents and stated she was correct and would not reconsider the decision to change Brozak's two year MSR sentence to a three years to natural life MSR term. Brozak by counsel also contacted IDOC's General Counsel who confirmed IDOC's position as to the above facts.

Plaintiff Brozak would have been discharged from IDOC custody on October 14, 2023, upon completion of his two year MSR term as sentenced. Instead, he remained on

MSR unlawfully, and despite his efforts to the contrary, until February 1, 2024, after this lawsuit was filed and served. He was subject to various deprivations of liberty during the additional time he was on MSR under IDOC custody.

**Facts specific to Plaintiff Joyce-Dilbart.** On January 23, 2015, Joyce-Dilbart pleaded guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault in Cook County Circuit Court, in exchange for a sentence of 116 months in prison to be served at 85 percent, plus three years MSR. The trial judge sentenced Joyce-Dilbart in accordance with the negotiated plea, as stated in open court and as reflected on the sentencing order entered the same day as the plea.

Joyce-Dilbart was housed in Pontiac, Joliet, Illinois River, Taylorville, Graham, and Pinckneyville IDOC facilities. At some time during his imprisonment, John Doe records office supervisor at one of these facilities, believed to be at Pontiac, changed Joyce-Dilbart's sentence of three years MSR to three years to life MSR, on his own volition, without a judge's order and without informing Joyce-Dilbart.

Joyce-Dilbart completed his prison term on September 22, 2021, and was eligible for release on MSR at that time. Because he was unable to find approved housing, he was held in prison until October 25, 2021, when he was released to transitional housing. On March 3, 2022, he was taken back into custody on an alleged MSR violation, and after a Prisoner Review Board hearing was deemed a parole violator as of December 16, 2021. He was imprisoned for the parole violation from March 3, 2022, until March 1, 2024, released back on to MSR that day, and remains on MSR.

Joyce-Dilbart calculates that under the three-year sentence of MSR ordered by the trial judge he would have been released from MSR on August 1, 2024. He remains subject to various restrictions on his liberty pursuant to his continuing MSR.

**Class allegations.** Plaintiffs also seek to represent a class of all individuals currently or in the future in the custody of IDOC, whose sentence includes a term of MSR imposed by an Illinois court, and seeks a declaration that the IDOC policy empowering records office employees to unilaterally change sentencing orders as regards MSR is unconstitutional. Plaintiff alleges there are common questions of law and fact, sufficient numerosity, ongoing violations of rights, that named Plaintiffs will fairly and adequately represent the class, and that the Plaintiffs' counsel have extensive experience in similar matters.

**Legal theories.** Plaintiffs allege Defendants have acted with deliberate indifference to a likelihood that Plaintiffs would be held in custody beyond the completion of their sentences, in violation of the Eighth Amendment.

Plaintiffs allege Defendants' policies violate their procedural due process rights under the Fourteenth Amendment because Defendants are being denied notice and an opportunity to be heard prior to their MSR sentences being altered by IDOC personnel.

And Plaintiffs allege Defendants' policies violate their Fourteenth Amendment substantive due process rights.

**Legal Standard – Motion to Dismiss.** A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether a complaint states a claim. The Court accepts well-pleaded allegations as true and draws all permissible inferences in favor of the

nonmovant. *See Sevugan v. Direct Energy Services, LLC*, 931 F.3d 610, 612 (7th Cir. 2019). The complaint must describe the claim in sufficient detail to put the defendant on notice as to the nature of the claim and its bases and must plausibly suggest the plaintiff has a right to relief. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Russell v. Zimmer, Inc.*, 82 F.4th 564, 571 (7th Cir. 2023). It need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level." *Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 405 (7th Cir. 2023) (citation omitted).

**Analysis – Motion to Dismiss.** Defendant argues the complaint should be dismissed because 1) it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the line of cases extending it, and 2) the allegations even if not barred do not state a claim because Plaintiffs' sentences were properly effected under Illinois criminal law.

**Brozak's Eighth Amendment claim against Scroggins and Sefton.** As an initial matter, Defendants do not clearly argue that these claims should be dismissed, though Defendants do generally argue the entire complaint should be dismissed.

Plaintiff states Eighth Amendment claims against Sefton and Scroggins. Brozak alleges Scroggins changed his MSR term from two years to three years to life, even though only a two-year term of MSR was required on the criminal sexual <u>abuse</u> charge that he pleaded guilty to, and despite no <u>assault</u> conviction at all. At the pleadings

Page **7** of **12**

stage, a plausible inference can be drawn that not only did Scroggins miss the glaring error in the paperwork from the trial court, she deliberately ignored it. Next, Sefton, who replaced Scroggins in the records department at Graham, directly refused to even look at Plaintiff's documentation demonstrating that he was entitled to release from MSR. Discovery may paint a different picture as to one or both Defendants, but these allegations state an Eighth Amendment claim. *Figgs v. Dawson*, 829 F.3d 895, 903–04 (7th Cir. 2016).

**Additional claims.** The remainder of Plaintiffs' claims are barred by *Heck* and subsequent cases. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Ortega v. Ford*, No. 23-1784, 2024 WL 1634072, at *3 (7th Cir. Apr. 16, 2024), *cert. denied*, 145 S. Ct. 437 (2024). The same applies to attempts to shorten a term of MSR, which is a form of IDOC custody subject to habeas review. And "*Heck* applies where a § 1983 plaintiff *could* have sought collateral relief . . . but declined the opportunity." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) (emphasis in original) (quoting *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012)).

Here, aside from the issues stated above as to Brozak which do state a claim, the statutorily mandated MSR terms are part of Illinois criminal sentences as a matter of Illinois law, and are effected at the time of sentencing. *Lamb*, 2017 IL 122271, ¶¶16-17; 28. Plaintiff Joyce-Dilbart can seek to prove denial of the benefit of his plea bargaining in habeas, to challenge his continued confinement. If successful in habeas in proving the

detention was unlawful a civil rights claim may thereafter be appropriate. But there is no indication Joyce-Dilbart's sentence has been invalidated, and this Court cannot do so in a §1983 action. A contrary ruling by this Court would directly conflict with the rule stated by the Illinois Supreme Court in *Lamb*. Defendants' dismissal motion is granted on this basis as to all claims related to the calculation of and individuals' attempts at earlier termination of their MSR. *See Beaven v. Roth*, 74 F. App'x 635, 639 (7th Cir. 2003) (affirming dismissal of claim where the plaintiff sought injunction mandating application of additional presentence credit to shorten period of custody by state department of corrections).

Second, if this the balance of this suit, aside from Brozak's claims against Scroggins and Sefton, were not barred by *Heck*, Plaintiffs have failed to state a plausible claim.

The correct statutory term of MSR was included in Plaintiff's sentence as a matter of Illinois law at the time of sentencing, notwithstanding errors by the State or the sentencing court. The Illinois Supreme Court has specifically stated that both prosecutors and judges are not empowered to alter statutorily mandated MSR terms. *Lamb*, 2017 IL 122271, ¶16 ("We recognize that MSR terms are statutorily required and that the State has no right to offer the withholding of such a period as a part of the plea negotiations and the court has no power to withhold such period in imposing sentence.") (cleaned up). Plaintiff had no right to additional process before IDOC enforced the correct MSR term as dictated by statute. *See Nance v. Lane*, 663 F. Supp. 33, 35 (N.D. Ill. 1987).

**Plaintiff's supplemental authority.** A note is in order as to the supplemental authority provided by Plaintiff, *Franco v. Gray*, No. 23-CV-14525, 2024 WL 4973457, at *1 (N.D. Ill. Dec. 4, 2024). The Court appreciates the potential tension between the Illinois Supreme Court's *Castleberry* and *Lamb* opinions. *Castleberry* was concerned with the failure to impose a statutorily required sentencing enhancement, and the implication thereof on the sentence, while *Lamb* relates to statutorily mandated terms of Mandatory Supervised Release. The two cases are squared by understanding that the mandatory statutory period of MSR is included in the sentence, at the time of sentencing, by operation of law, regardless of what the sentencing order says, as held by *Lamb*. The district court in *Franco* does what the Illinois Supreme Court did not do in *Lamb* – impute the holding of *Castleberry* to the MSR context. This Court declines to so find.

Along these same lines, Plaintiff also alleges in the complaint that if the People of the State of Illinois seek to alter a sentencing order to conform to a statutory mandatory minimum sentence the State may seek the remedy of mandamus with the Illinois Supreme Court, citing *People v. Abdullah*, 2019 IL 123492 ¶¶30-32. *Abdullah,* in turn, cites *People v. Castleberry*, 2015 IL 116916. Like *Castleberry*, *Abdullah* is concerned with mandatory statutory sentencing enhancements rather than statutorily required periods of MSR, so it is not on all fours with the issues at play in *Lamb* and here.

**Motion for Preliminary Injunction.** Plaintiff Joyce-Dilbart seeks a preliminary injunction to bar IDOC records office staff from unilaterally calculating individuals' MSR terms, and requiring recalculation of MSR under the sentencing order.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, the moving party must demonstrate as a threshold matter 1) some likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied. If the movant makes this showing, the Court must consider 3) the irreparable harm the non-moving party will face if preliminary relief is granted, balanced against the irreparable harm to the moving party if preliminary relief is denied, and 4) the consequences to non-parties of granting or denying the injunction. *Int'l Ass'n of Fire Fighters, Loc. 365 v. City of E. Chicago*, 56 F.4th 437, 446 (7th Cir. 2022).

The Court has found, as discussed above, no likelihood of success on the merits of the claims that seek an injunction mandating a change to IDOC policy. The analysis can end there, with the motion denied. Further, if in fact individuals are entitled to release, the legal remedy, while still in custody is to pursue habeas relief. A preliminary injunction is not appropriate here and the request is denied.

**Motion to Certify Class.** Plaintiff's Motion to Certify Class (Doc. 30) relies extensively on allegations that have been dismissed. It is moot.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Dismiss [34] is GRANTED in part and DENIED in part. It is denied as to Plaintiff Brozak's Eighth Amendment claims against

Scroggins and Sefton. In all other respects it is granted. Defendants Hughes and Doe to be terminated.

2. Plaintiff's Motion for Preliminary Injunction [31] is DENIED.

3. Plaintiff's Motion to Certify Class [30] is MOOT.

4. This action is referred to the magistrate judge for further pretrial proceedings consistent with this Order.

Entered this 19th day of September, 2025.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
